# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# FORT WORTH DIVISION

| | |
|---|---|
| RANDALL L. BANKS, § | |
| Petitioner, § | |
| § | |
| v. § | Civil Action No. 4:08-CV-045-Y |
| § | |
| NATHANIEL QUARTERMAN, Director, § | |
| Texas Department of Criminal Justice, § | |
| Correctional Institutions Division, § | |
| Respondent. § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE
## AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

#### B. PARTIES

Petitioner Randall L. Banks, TDCJ # 1084188, is a state prisoner in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Dayton, Texas.

Respondent Nathaniel Quarterman is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

#### C. FACTUAL AND PROCEDURAL HISTORY

On January 22, 2002, a jury found Banks guilty of aggravated sexual assault of a child in

Case No. 0810257D in the 372nd District Court of Tarrant County, Texas, and assessed his punishment at twenty-five years' confinement. (Clerk's R. at 35) The Second District Court of Appeals of Texas affirmed the trial court's judgment on February 20, 2003. *Banks v. Texas*, No. 02-02-028-CR, slip op. (Tex. App.–Dallas Nov. 30, 2000) (not designated for publication). Banks did not file a timely petition for discretionary review.

On January 21, 2004, Banks filed a state application for writ of habeas corpus challenging his conviction and alleging, among other things, that his appellate counsel had been ineffective by failing to notify him of the state appellate court's affirmance and the effect of the decision. *Ex parte Banks*, Application No. WR-50,792-02, at 11.[1] Permission was granted to file an out-of-time PDR by the Texas Court of Criminal Appeals on January 26, 2005. *Id.* at cover. Thereafter, Banks filed a PDR, which was refused by the Texas Court of Appeals on August 31, 2005. *Banks v. Texas*, PDR 0313-05. Banks filed a second state application for writ of habeas corpus challenging his conviction on November 16, 2005, which was denied without written order by the Texas Court of Criminal Appeals on the findings of the trial court on October 31, 2007. *Ex parte Banks*, Application No. WR-50,792-03, at cover. Banks filed this federal petition on November 19, 2007, in the Dallas Division, and the case was subsequently transferred to this Division.[2] As ordered, Quarterman has filed a preliminary response with supporting brief and documentary exhibits addressing only the issue of limitations, to which Banks filed a reply.

---

[1] See the state court's case information, *available at* http://www.cca.courts.state.tx.

[2] A pro se habeas petition is deemed filed when the petition is delivered to prison authorities for mailing. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).

2

D. ISSUES

In this petition, Banks challenges his conviction on four grounds. (Petition at 7-8.)

E. STATUTE OF LIMITATIONS

Quarterman argues that Banks's petition should be dismissed with prejudice because his petition is barred by the statute of limitations. (Resp't Preliminary Resp. at 4-8) 28 U.S.C. § 2244(d) imposes a one-year statute of limitations for filing a petition for federal habeas corpus relief. 28 U.S.C. § 2244(d). The statute provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

*Id.* § 2244(d)(1)-(2).

Under subsection (A), applicable to this case, the limitations period began to run on the date

on which the judgment of conviction became final by the expiration of the time for seeking direct review. For purposes of this provision, Banks's conviction became final and the one-year limitations period began to run upon expiration of the time that Banks had for filing a timely petition for discretionary review in the Texas Court of Criminal Appeals on March 22, 2003, and closed on Monday March 24, 2004, absent any tolling. *See* Tex. R. App. P. 68.2(a); *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003).

Banks's first state habeas application and out-of-time petition for discretionary review tolled the limitations period for 588 days under § 2244(d)(2), making his federal petition due on or before November 2, 2005. *See Salinas v. Dretke*, 354 F.3d 425, 430-31 & n.6 (5th Cir. 2004). His second state habeas application, filed after limitations had already expired, did not however operate to toll the limitations period. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Banks's argues that the grant of an out-of-time petition for discretionary review placed him back "on an alignment of direct appellate review," entitling him to statutory tolling from March 24, 2003 through the date he filed his first state habeas application on January 21, 2004. The grant of an out-of-time petition for discretionary review by the Texas Court of Criminal Appeals however does not effect the running of the limitations period. *See Salinas*, 354 F.3d at 430-31. He also argues that he is entitled to statutory tolling for the 90-day period he had for seeking writ of certiorari in the United States Supreme Court after his out-of-time petition for discretionary review was refused. SUP. CT. R. 13. An out-of-time petition for discretionary review however is in the nature of habeas relief and the granting of such relief tolls the limitations period only until the date on which the Texas Court of Criminal Appeals declines to grant further relief. *See Lawrence v. Florida*, 127 S. Ct. 1079, 1083 (2007); *Salinas*, 354 F.3d at 430.

Banks has not demonstrated that he is entitled to additional tolling as a matter of equity, which is available only in rare and exceptional circumstances when an extraordinary factor beyond the petitioner's control prevents him from filing in a timely manner. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). Equitable tolling is warranted principally when the plaintiff is actively misled by the defendant or is prevented in some extraordinary way from asserting his rights. *See Melancon v. Kaylo*, 259 F.3d 401, 408 (5th Cir. 2001); *Coleman v. Johnson*, 184 F.3d 398, 403 (5th Cir. 1999). Lack of notice of state court rulings can justify equitable tolling in some instances. However, the circumstances of Banks's case does not justify equitable tolling. Apparently, Banks learned of the court of appeals's affirmance by contacting that court himself. (Pet'r Reply at 6) There is no evidence, however, that Banks could not have contacted counsel or the state court sooner in order to learn the status of his appeal. *See Lewis v. Cockrell*, 33 Fed. Appx. 704, 2002 WL 432658, at *4 (5th Cir. 2002) (not designated for publication in the Federal Reporter). Mere attorney error or neglect is not an extraordinary circumstance such that equitable tolling is justified. *See Moore v. Cockrell*, 313 F.3d 880, 882 (5th Cir. 2002); *Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2002); *Davis*, 184 F.3d at 849. Nor does Banks's ignorance of the law or lack of knowledge of filing deadlines support equitable tolling. *Felder v. Johnson*, 204 f.3d 168, 171-72 (5th Cir. 2000). Nothing in the record suggests that Banks was actively misled by the state about filing deadlines or prevented in some extraordinary way from asserting his rights.

Banks's petition was due on or before November 2, 2005. Accordingly, his petition filed on November 19, 2007, is untimely.

## II. RECOMMENDATION

Banks's petition for writ of habeas corpus should be DISMISSED with prejudice as time-

5

barred.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until July 21, 2008. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV. ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until July 21, 2008, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED June 30, 2008.

    /s/   Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE